UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN NOLASCO-MARTINEZ,<br><br>                              Petitioner,<br><br>       -against-<br><br>ACTING WARDEN PUZIO, FCI Danbury,<br><br>                              Respondent. | 24-CV-10073<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently incarcerated at FCI Danbury in Connecticut, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Petitioner challenges the execution of his sentence; specifically, he challenges the calculation of his time credits under the First Step Act. For the following reasons, this petition is transferred to the United States District Court for the District of Connecticut.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained at FCI Danbury, which is located in Danbury, Connecticut, in the judicial district of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. In the interest of justice, the Court therefore transfers this petition to the United States District Court for the District of Connecticut. *See* 28 U.S.C. § 1406(a).

CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[1] This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 7, 2025
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

---

[1] Petitioner did not yet pay the $5.00 filing fee or submit an application to proceed *in forma pauperis*.